CYRUS BAKER & others *vs.* CHARLES E. CALLENDER & an-
other.

Berkshire.     September 14. — 27, 1875.     AMES & DEVENS, JJ., absent.

In an action upon a promissory note, the consideration of which was intoxicating
liquors sold by the plaintiffs to the defendant, when the St. of 1869, *c.* 415, was
in force, the answer alleged that the sale was in violation of law. At the trial the
plaintiffs' counsel was a witness in their behalf, and on cross-examination testified
that the plaintiffs were grocers and had their place of business in Boston, and he
believed that they were dealers in intoxicating liquors to some extent. The bill
of parcels of the liquors sold, sent by the plaintiffs to the defendant, and put in
evidence, described the plaintiffs as wholesale grocers and dealers in ship stores and
salt provisions. The presiding judge instructed the jury that there was no sufficient
evidence of the illegality of the sale competent for the consideration of the jury,
there being no evidence tending to show that the plaintiffs were not manufacturers,
or that the liquors were not in the original packages and imported by them. *Held,*
that there was competent evidence on this issue, and that it should have been sub-
mitted to the jury.

MORTON, J. This is an action on a promissory note, the consid-
eration of which was a quantity of intoxicating liquors sold by the
plaintiffs to the defendants, at a time when the St. of 1869, *c.*
415, was in force. The answer alleges that such sale was in vio-
lation of the laws of this Commonwealth. This presents an issue
of fact which should have been submitted to the jury if there was
any evidence which would warrant them in finding it in favor of
the defendants. The court declined to submit this question to
the jury, but instructed them " that there was no sufficient evi-
dence of the illegality of the sale of said liquors competent for
the consideration of the jury, there being no evidence tending to
show but that the plaintiffs were manufacturers, or that the liq-
uors were not in the original packages and imported by them."

We are of opinion that this ruling was erroneous. The coun-
sel for the plaintiffs was a witness in their behalf, and, on cross-
examination, testified "that the plaintiffs were grocers and had
their place of business in Boston, and he believed they were deal-
ers in intoxicating liquors to some extent." He had been noti-
fied by the pleadings that the legality of this sale was in issue.
It might well be argued to the jury, that if the plaintiffs were
manufacturers or importers, and as such authorized to make the
sale, this witness when called upon to state their occupation,

would have so stated. In addition to this there was in evidence the bill of parcels of the whiskey sold, sent by the plaintiffs to the defendants, in which the plaintiffs describe themselves as wholesale grocers and dealers in ship stores and salt provisions, and not as manufacturers or importers. It was for the jury to decide whether the description of the business of the plaintiffs, given by them and by their witness, did not fairly exclude the idea that they were manufacturers or importers, and whether upon all the evidence, with such inferences as might fairly be drawn from it, the defendants had sustained the burden of proving that the sale in question was illegal. The ruling of the court withdrew from the jury a matter which was proper for their consideration and upon which there was evidence which would warrant a verdict for the defendants.

*Exceptions sustained.*

*A. J. Waterman*, for the defendants.
*J. Dewey, Jr.*, for the plaintiffs.